UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
HIBAH LEE,

                        Plaintiff,

  - against -                              **OPINION & ORDER**

JOHN DOE, ORANGE COUNTY JAIL; JOHN       No. 20-CV-6176 (CS)
DOE, ORANGE COUNTY FACILITY
(ADMINISTRATION); ANTHONY M. MELE;
SERGEANT KISZKA, #134,

                        Defendants.
-------------------------------------------------------------x

Appearances:

Hibah Lee
Poughkeepsie, New York
*Pro Se Plaintiff*

Anthony F. Cardoso
Assistant County Attorney
County of Orange
Goshen, New York
*Counsel for Defendants Mele & Kiszka*

Seibel, J.

      Before the Court is Defendants' motion to dismiss.  (ECF No. 22.)  For the following reasons, the motion is GRANTED.

**I.     BACKGROUND**

     **A.     Facts**

      For purposes of the motion, I accept as true the facts, although not the conclusions, set forth in Plaintiff's Complaint.  (ECF No. 1 ("Compl.").)  At all relevant times, Plaintiff was an inmate at the Orange County Correctional Facility.  On April 27, 2020, he asked to be placed in

protective custody, and was moved there on June 10, 2020. (Compl. at 8.)[1] But the protective custody unit shared living space with the quarantine unit where all new inmates, who might potentially be infected with COVID-19, are held for fourteen days upon entry into the jail. (*Id.* at 3.) Common areas and facilities such as the showers, kitchen, phone, and laundry were not properly decontaminated after each use, and some quarantined inmates did not wear their masks properly. (*Id.*) Plaintiff filed a grievance, (*id.*), and in response he was told that properly trained inmates would clean the common areas – which Plaintiff alleges did not occur – but that the protective custody inmates would not be separated from the quarantined inmates, (*id.* at 4). Plaintiff was also told that he could not get a COVID test unless he was symptomatic. (*Id.* at 5.) Plaintiff does not allege that he contracted COVID-19 or suffered any symptoms, but says he is asthmatic and "fear[ed] for [his] life if [he] were to contract the deadly virus Covid-19." (*Id.* at 6.)

### B. Procedural History

Plaintiff brought this suit on August 4, 2020, asserting claims against "John Doe Orange County Jail," "John Doe Orange County Facility Administration," Corrections Administrator Anthony Mele, and Sergeant Kiszka, alleging violation of his civil rights under 42 U.S.C. § 1983, and perhaps negligence. (*Id.* at 6.) He seeks $2 million in damages. (*Id.* at 11.) On December 28, 2020, the Court ordered service on Defendants Mele and Kiszka, (ECF No. 7), and on or about February 16, 2021, Plaintiff was transferred to the Dutchess County Jail, (ECF No. 10). On April 1, 2021, Defendants sought a pre-motion conference in connection with their anticipated motion to dismiss. (ECF No. 16.) Plaintiff never responded to Defendants' pre-

---

[1] Citations to the Complaint refer to the page numbers generated by the Court's Electronic Case Filing system.

motion letter as directed.  (*See* ECF No. 18.)  He was inadvertently not produced for the telephonic pre-motion conference scheduled for May 4, 2021, (*see* Minute Entry dated May 4, 2021), and the conference was ultimately held on June 7, 2021, (*see* Minute Entry dated June 7, 2021).  At that conference, Plaintiff was given leave to amend his complaint no later than July 7, 2021, and the Court sent him an Amended Complaint form.  (*See id.*)  Plaintiff never submitted an Amended Complaint, so Defendants moved against the original Complaint.  (ECF Nos. 22-25.)  Plaintiff did not submit opposition to the motion.

## II.     LEGAL STANDARD

### A.     Motion to Dismiss for Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a district court may properly dismiss an action for lack of subject matter jurisdiction "if the court lacks the statutory or constitutional power to adjudicate it."  *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015) (cleaned up).  A claim that a plaintiff lacks standing to sue is a challenge to a court's subject matter jurisdiction.  *Horton v. Bd. of Educ. of the Sherburne-Earlville Cent. Sch. Dist.*, No. 15-CV-782, 2016 WL 2354266, at *2 (N.D.N.Y. May 4, 2016).[2]  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  The court may "rely on evidence outside the complaint" when deciding a Rule 12(b)(1) motion, *Cortlandt St. Recovery Corp.*, 790 F.3d at 417, but when a challenge to standing is based solely on the pleadings, the court must accept as true the factual allegations in the complaint, *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56-57 (2d Cir. 2016), "and draw all reasonable inferences

---

[2] The Court will send Plaintiff copies of all unpublished decisions cited in this Opinion & Order.

in favor of plaintiff," *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (cleaned up), *aff'd*, 561 U.S. 247 (2010). That said, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.*

### B. Motion to Dismiss for Failure to State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Id.* at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* (cleaned up) (quoting Fed. R. Civ. P. 8(a)(2)).

### C. Pro Se Plaintiffs

Complaints by *pro se* plaintiffs are to be examined with "special solicitude," *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010), interpreted "to raise the strongest arguments that they suggest," *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994), and "held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*) (cleaned up). Nevertheless, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and district courts "cannot invent factual allegations" that the plaintiff has not pleaded. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (cleaned up).

### D. Unopposed Motions

A plaintiff's failure to oppose a motion to dismiss does not alone justify dismissal, *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000), because the sufficiency of a complaint is a "pure legal question," *Goldberg v. Danaher*, 599 F.3d 181, 187 (2d Cir. 2010), "that the [district] court is capable of determining based on its own reading of the pleading and knowledge of the law," *McCall*, 232 F.3d at 322-23.

## III. DISCUSSION

I interpret Plaintiff's § 1983 claim as one alleging deliberate indifference to his medical needs under the Fourteenth Amendment. Defendants raise numerous grounds for dismissal. I address only two, either of which would be dispositive. I turn first to standing. *See All. for Env't Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87 (2d Cir. 2006) ("Article III standing

must be decided before the merits."); *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) ("Where, as here, the defendant moves for dismissal under Rule 12(b)(1), Fed. R. Civ. P., as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.") (cleaned up).

    **A.**    **Standing**

"The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (cleaned up). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Article III of the Constitution limits a federal court's jurisdiction to actual "Cases" and "Controversies." U.S. Const. art. III, § 2; *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "Constitutional standing is the threshold question in every federal case, determining the power of the court to entertain the suit." *Leibovitz v. N.Y.C. Transit Auth.*, 252 F.3d 179, 184 (2d Cir. 2001) (cleaned up). Thus, where a party lacks standing to bring a claim, the court lacks subject matter jurisdiction over that claim and must dismiss it. *See SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020). "The party asserting jurisdiction . . . bears the burden of proof as to standing." *Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 710 F.3d 71, 79 (2d Cir. 2013), *as amended* (Mar. 21, 2013); *see Lujan*, 504 U.S. at 561.

There are three constitutional standing requirements that every plaintiff must satisfy in order to invoke the jurisdiction of the federal courts: (1) "an injury in fact (*i.e.*, a concrete and

particularized invasion of a legally protected interest)"; (2) "causation (*i.e.*, a fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant)"; and (3) "redressability (*i.e.*, it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit)." *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273-74 (2008) (cleaned up).  These minimum requirements to invoke jurisdiction exist in all cases, separate and apart from whatever statutory standing requirements may exist in the laws under which a plaintiff has filed suit.  *See All. for Env't Renewal*, 436 F.3d at 85-86.

"A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016), *as revised* (May 24, 2016).  To establish injury in fact, a plaintiff must show not only that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized," but also that the harm is "actual or imminent, not conjectural or hypothetical." *Lujan,* 504 U.S., at 560 (cleaned up).  The Supreme Court has "repeatedly reiterated that threatened injury must be *certainly impending* to constitute injury in fact, and that allegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis in original) (cleaned up).

Plaintiff has not alleged a concrete, actual, or imminent harm.  He was housed with inmates who had just entered the jail and were quarantining, but he does not allege that any of them even had COVID-19, let alone that he contracted it from his proximity to them.  "Missing here is any allegation of actual injury attributed to Defendants' placing of" Plaintiff with quarantining inmates.  *Sledge v. Erie Cnty. Prison*, No. 20-CV-00336, 2021 WL 5041141, at *4 (W.D. Pa. Oct. 29, 2021).  Plaintiff does not allege that any of these inmates

> had a COVID-19 infection or any other infectious disease while the two were placed [together].  Instead, [Plaintiff] pleads only his concerns about being put in a [living space]

7

> with []other inmate[s] who had yet to complete [their] mandatory quarantine period and his fear of contracting COVID-19. These allegations do not support a plausible inference that [Plaintiff] sustained an injury sufficient to support constitutional standing.

*Id.* (cleaned up).

> Based on the allegations of his . . . Complaint, the injury he feared was speculative and hypothetical. His fear was based on his concern that [another inmate] might carry the coronavirus and his apprehension that he might experience a future illness. Nothing about the situation or risk [Plaintiff] faced on [the date in question] can be considered imminent for purposes of Article III standing.

*Id*. at *5; *see id.* ("Alleging that [the fellow prisoner] had not finished his 14-day quarantine period is not the equivalent of alleging that he had COVID-19 or carried the coronavirus.").

Courts have routinely dismissed claims such as Plaintiff's for lack of standing based on the absence of injury in fact. *See, e.g.*, *Balas v. Stanish*, No. 21-CV-466, 2021 WL 5500512, at *4 (M.D. Pa. Nov. 23, 2021) (proximity to infected inmates did not cause injury in fact, and fear of contracting COVID-19 is insufficient for standing because threat of infection was speculative and hypothetical, not "certainly impending"); *Criswell v. Wright*, No. 21-CV-537, 2021 WL 4923863, at *2 (E.D. Ark. Oct. 21, 2021) ("[B]ecause Criswell does not allege he contracted the Covid-19 virus as a result of the allegedly unsafe conditions at the SCDC and is no longer subject to those conditions, he lacks standing."), *report and recommendation adopted*, 2021 WL 5412141, at *2 (E.D. Ark. Nov. 18, 2021); *Johnson v. Flores*, No. 21-CV-1491, 2021 WL 5179894, at *1 (E.D. Cal. Nov. 8, 2021) (no concrete harm from sharing cell with infected inmate where plaintiff did not allege that he had contracted COVID-19 or was still at risk); *Greer v. KCSO Admin.*, No. 21-CV-108, 2021 WL 3857677, at *2 (E.D. Cal. Aug. 30, 2021) (no injury in fact where plaintiff did not contract COVID-19 even if he was at risk of infection), *report and recommendation adopted*, 2021 WL 4502818 (E.D. Cal. Oct. 1, 2021); *Cage v. Nwozo*, No. 17-CV-1214, 2017 WL 6815023, at *2 (M.D. Tenn. Oct. 26, 2017) (where plaintiff never claimed to

8

have been infected with shingles virus, he did not suffer injury in fact from infected inmate's release into general prison population).[3]

Because Plaintiff lacks standing to sue, and the Court therefore lacks subject matter jurisdiction, the § 1983 claim is dismissed without prejudice. *See Hernandez v. Conriv Realty Assocs.,* 182 F.3d 121, 123 (2d Cir.1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.")

### B. Prison Litigation Reform Act

Even if Plaintiff had standing, his federal claim would have to be dismissed. Under the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). Because Plaintiff does not allege any physical injury, he cannot obtain damages for mental or emotional distress he may have felt from being incarcerated with quarantining inmates. *See, e.g., Johnson*, 2021 WL 5179894, at *1 (PLRA bars claim for mental or emotional injury from sharing cell with infected inmate); *Greer v. KCSO Admin.*, No. 21-CV-108, 2021 WL 3563148, at *2 (E.D. Cal. Aug. 12, 2021) ("Plaintiff does not contend that he contracted COVID-19 or suffered any other physical injury, and he does not allege the commission of a sexual act. Therefore, Plaintiff's claim for damages for emotional harm is barred."); *Kaiser v. Steuben Cnty. Jail*, No. 21-CV-95, 2021 WL 1380035, at *2 (N.D.

---

[3] A genuine risk of exposure to disease or danger can support standing "[w]here equitable or other prospective relief is sought based on existing prison conditions," but this "principle does not apply to the facts [Plaintiff] has alleged in this case because the risk he feared has passed and he has not alleged any nonspeculative future harm." *Sledge*, 2021 WL 5041141, at *5. Plaintiff is no longer at the Orange County Correctional Facility and seeks only money damages for an alleged past injury.

Ind. Apr. 12, 2021) ("There is no indication from the complaint that he actually contracted the disease or otherwise suffered a physical injury as a result of the guards' actions, and the Prison Litigation Reform Act precludes him from pursuing a claim premised solely only on emotional suffering."); *Bolick v. Thompson*, No. 20-CV-3119, 2021 WL 1220826, at *2 (D.S.C. April 1, 2021) (where inmate did not allege physical injury, PLRA precluded recovery for fear, distress or mental injury from failure of prison officials to provide masks); *see generally Cooper v. City of N.Y.*, No. 13-CV-7590, 2014 WL 5315074, at *5 (S.D.N.Y. Oct. 17, 2014) ("Because plaintiff has not alleged that he suffered any physical injury in connection with defendants' alleged infliction of emotional distress, his claims seeking compensatory damages for mental or emotional injuries must be dismissed under the PLRA.").

      **C.**     <u>**State Law Claim**</u>

To the extent Plaintiff intended to advance a state law negligence claim, it is also dismissed. "Where a district court dismisses all federal claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure . . . the district court is *precluded* from exercising supplemental jurisdiction over the remaining state-law claims." *Cangemi v. United States*, 13 F.4th 115, 134 (2d Cir. 2021) (emphasis in original). This is because "a district court cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction." *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017) (cleaned up). Accordingly, any state law claim Plaintiff may have intended to bring is dismissed without prejudice for lack of supplemental jurisdiction.

      **D.**     <u>**Leave to Amend**</u>

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend, though liberally granted, may properly be denied for: 'undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (cleaned up).

Plaintiff has already had the chance to amend his complaint, after having the benefit of Defendants' pre-motion letter, (ECF No. 16), and the Court's comments at the pre-motion conference, (*see* Minute Entry dated June 7, 2021). In general, a plaintiff's failure to fix deficiencies in the previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend. *See Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.") (cleaned up); *In re Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp. 2d 222, 242 (S.D.N.Y. 2005) (denying leave to amend because "the plaintiffs have had two opportunities to cure the defects in their complaints, including a procedure through which the plaintiffs were provided notice of defects in the Consolidated Amended Complaint by the defendants and given a chance to amend their Consolidated Amended Complaint," and "plaintiffs have not submitted a proposed amended complaint that would cure these pleading defects"), *aff'd sub nom. Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (*per curiam*) ("[P]laintiffs were not

entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies.") (cleaned up).

Further, Plaintiff has not asked to amend again or otherwise suggested he is in possession of facts that would cure the deficiencies identified in this ruling. Indeed, "[t]he problem[s] with [Plaintiff's] causes of action [are] substantive," and "better pleading will not cure [them]." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Accordingly, the Court declines to grant leave to amend *sua sponte*. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (plaintiff need not be given leave to amend if he fails to specify how amendment would cure the pleading deficiencies in his complaint); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) (*per curiam*) (no abuse of discretion in denying leave to amend where plaintiff's counsel made no showing that complaint's defects could be cured); *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249-50 (2d Cir. 2004) (*per curiam*) (district court did not abuse its discretion by not granting leave to amend where there was no indication as to what might have been added to make the complaint viable and plaintiffs did not request leave to amend); *see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (denial of leave to amend would be proper where "request gives no clue as to how the complaint's defects would be cured") (cleaned up).

## IV.     CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED. Plaintiff's federal claim is dismissed without prejudice. To the extent Plaintiff intended to bring a state law claim, it is also

dismissed without prejudice.  The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 22), send a copy of this Opinion and Order to Plaintiff, and close the case.

**SO ORDERED.**

Dated: January 24, 2022
      White Plains, New York

                                                                   _____
                                                                     CATHY SEIBEL, U.S.D.J.